UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH ZICK, | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| | | No._____ |
| v. | | |
| CONSOLIDATED SERVICES OF NORTH AMERICA, LLC, | | |
| *Defendant*. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Sarah Zick (referred to as "Plaintiff" or "Zick") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Consolidated Services of North America, LLC (referred to as "CSNA" or "Defendant"). In support thereof, she would respectfully show the Court as follows:

**I. Nature of Suit**

1. Zick's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendant violated the FLSA by employing Plaintiff as a salaried employee while making improper deductions from Plaintiff's predetermined compensation. 29 C.F.R. § 541.602(a)(1).

4. Defendant's improper deductions demonstrate Defendant did not intend to pay Plaintiff on a salary basis. 29 C.F.R. § 541.601(a).

5. Therefore, Plaintiff is a nonexempt employee under the FLSA. 29 C.F.R. § 541.601(b).

6. Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

## II. Jurisdiction & Venue

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

9. Sarah Zick is an individual who resides in Bexar County, Texas and who was employed by Defendant during the last three years.

10. Consolidated Services of North America, LLC is a Texas limited liability company that may be served with process by serving its registered agent: Idan Ohana, at 9113 Harbor Hills Dr., Houston, Texas 77054. Alternatively, if the registered agent of Consolidated Services of North America, LLC cannot with reasonable diligence be found at the company's registered office, Consolidated Services of North America, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Whenever it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

12. CSNA specializes in HVAC, refrigeration, plumbing, and electrical services; it does business in the territorial jurisdiction of this Court.

13. Defendant employed Plaintiff as a bookkeeper.

14. Plaintiff had little to no official training, no state certifications, much less managerial skill or power.

15. Plaintiff was employed by Defendant from approximately December 2018 to March 2019.

16. During Zick's employment with Defendant, she was engaged in commerce or the production of goods for commerce.

17. During Zick's employment with Defendant, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

18. During Zick's employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

19. Defendant paid Zick on a salary basis.

20. However, despite being paid on a salary basis, Defendant required Zick to clock in and out on a daily basis.

21. During Zick's employment with Defendant, she regularly worked in excess of forty hour per week.

22. Defendant knew or reasonably should have known that Zick worked in excess of forty hours per week.

23. Defendant made deductions from Plaintiff's salary that were improper under 29 C.F.R. § 541.602(a)(1).

24. Defendant's improper deductions demonstrate Defendant did not intend to pay Plaintiff on a salary basis. 29 C.F.R. § 541.601(a).

25. Therefore, Defendant did not pay Zick overtime "at a rate not less than one and one-half times the regular rate at which [she was] employed." 29 U.S.C. § 207(a)(1).

26. Instead, Defendant paid Zick on a salary basis, regardless of the number of hours or days that she worked.

27. In other words, Defendant paid Zick for her overtime at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

28. Defendant knew or reasonably should have known that these types of salary deductions are in violation of the FLSA.

29. On March 25, 3019, Zick confronted her Human Resources Representative and the owner of the company about the salary deductions and unpaid overtime.

30. On March 26, 2019, Zick was terminated in retaliation for asking about her unpaid wages.

31. Defendant failed to maintain accurate time and pay records for Zick as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

32. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

33. Defendant is liable to Zick for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

34. Zick adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

35. During Zick's employment with Defendant, she was a non-exempt employee.

36. As a non-exempt employee, Defendant was legally obligated to pay Zick "at a rate not less than one and one-half times the regular rate at which [she was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

37. Defendant did not pay Zick overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

38. Instead, Defendant paid Zick on a salary basis, regardless of how many hours or days that she worked.

39. Defendant knew or reasonably should have known Zick worked over forty hours in a workweek as they required her to clock in and out on a daily basis.

40. In other words, Defendant paid Zick for her overtime at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

41. If Defendant classified Zick as exempt from the overtime requirements of the FLSA, she was misclassified due to Defendant's improper salary deductions under the FLSA.

42. Alternatively, because Defendant did not intend to pay Zick on a salary basis, based upon the improper deductions, Defendant has waived its ability to claim an salary-based exemption.

43. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

44. Zick adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

45. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

46. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—FLSA Retaliation in Violation of 29 U.S.C. § 211(a)(3)

47. Zick adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

48. The FLSA prohibits any person from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA. 29 U.S.C. § 215(a)(3).

49. In addition to the pay violations described above, CSNA violated the FLSA by terminating Zick the day after she complained about her unpaid wages.

50. No other employee was terminated that day or the following week.

51. As a result, CSNA is liable to Zick "for such legal or equitable relief as may be appropriate to effectuate the purposes of [the anti-retaliation provisions of the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## VIII. Prayer

52. Zick prays for the following relief:

    a. judgment awarding Zick all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    b. judgment awarding Zick all lost wages, liquidated damages, reinstatement, attorneys' fees and costs;

    c. postjudgment interest at the applicable rate; and

    d. all such other and further relief to which Zick may show herself to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739